UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JEFFERY CHARLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 24-cv-1079-JES |
| ) | |
| KAREN BENNETTE, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Plaintiff, currently incarcerated at FCI Fairton and proceeding pursuant to *Bivens*, 403 U.S. 388 (1971), alleges Defendants at FCI Pekin violated his constitutional rights. Plaintiff's Complaint (Doc. 1) is before the Court for screening.

Screening Standard

The Court must "screen" Plaintiff's Amended Complaint to determine if Plaintiff states a claim for relief. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

Facts Alleged

In his Complaint, Plaintiff names the following Defendants at FCI Pekin: Warden

Karen Bennette, Officer Billy T. Barbosa, Officer David Bivens, Lieutenant Brian T. Green, and Officer Bobby Barbosa. Plaintiff alleges that on or about August 15, 2023, Defendant Green ordered that Defendant Billy Barbosa handcuff Plaintiff. Plaintiff was handcuffed for over 18 hours, during which he was allegedly beaten repeatedly by Defendants Green, Bivens, Billy Barbosa, and Bobby Barbosa. Defendant Green allegedly sexually assaulted Plaintiff by placing Green's finger in Plaintiff's anus. Plaintiff alleges that one or more Defendants slammed his face into a wall when he yelled for help.

Analysis

For a claim of excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The allegations contained in Plaintiff's Complaint are sufficient to state an Eighth Amendment claim for excessive force against Defendants Greene, Bivens, and Bobby and Billy Barbosa.

Plaintiff may not proceed with a claim against Defendant Bennette, due to the lack of allegations of any personal involvement by Bennette. "In a *Bivens* action, as in an action under 42 U.S.C. § 1983, supervisors cannot be held liable under the doctrine of respondeat superior." *Lojuk v. Quandt,* 706 F.2d 1456 (7th Cir.1983)

**IT IS THEREFORE ORDERED:**

1. **Pursuant to its merit review of the Complaint, the Court finds Plaintiff states an Eighth Amendment Due Process claim against Defendants Green, Bivens, Bobby Barbosa, and Billy Barbosa. Defendant Bennette is**

   DISMISSED from this action. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk of Court is directed to send, by certified mail, a summons, a copy of Plaintiff's Complaint, and a copy of this Order to Defendants at FCI Pekin. Summons must also be sent to the United States Attorney for the Central District of Illinois (Springfield), the Attorney General of the United States, and the Federal Bureau of Prisons.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for the named Defendants before filing any motions, to give notice to said Defendants and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance on behalf of Defendants will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4. If Defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a named Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. In general, an answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the Defendants. Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the clerk. Plaintiff does not need to mail copies of motions and other papers to defense counsel that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. Plaintiff must mail discovery requests and responses directly to Defendants' counsel. Discovery requests

   or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. **Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.**

9. **Plaintiff shall immediately notify the Court, in writing, of any change in mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

Entered this 18th day of December, 2024.

*s/James E. Shadid*
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
